# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MIGUEL A. ALVAREZ,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　Case No. 2:14-cv-00836-RFB-CWH
　　　　　Plaintiff,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　**REPORT AND RECOMMENDATION**
v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
CAROLYN W. COLVIN, Acting　　　　　)
Commissioner of Social Security　　　　)
Administration,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Defendant.　　　　　　　　　　)
_____)

## INTRODUCTION

This case involves judicial review of an administrative action by the Commissioner of Social Security ("defendant") denying Plaintiff Miguel A. Alvarez's ("plaintiff") application for disability insurance benefits under Titles II and XVI of the Social Security Act. Before the Court is plaintiff's Motion for Reversal or Remand (doc. # 18), filed August 28, 2014, and defendant's Response and Cross-Motion to Affirm (docs. # 19, # 20),[1] filed September 29, 2014. Also before the Court is plaintiff's Reply (doc. # 21), filed October 14, 2014. This action was referred to the undersigned magistrate judge for a report of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4.

## BACKGROUND

In June 2010, plaintiff applied for disability insurance benefits, alleging an onset date of February 10, 2010. AR[2] 81-84, 379-85. Plaintiff's claim was denied initially on November 2, 2010, and upon reconsideration on March 2, 2012. AR 50-52, 54-59. A hearing was held before an Administrative Law Judge ("ALJ") on April 9, 2013. AR 393-417. On June 10, 2013, the ALJ issued a decision finding

---

[1] Defendant filed both an opposition to plaintiff's motion and a cross-motion to affirm. See Docs. # 19, # 20. This Court's review of these two documents reveals that the arguments presented are identical. Therefore, this Court refers only to defendant's cross-motion, doc. # 19, even though an identical argument is presented in defendant's opposition, doc. # 20.

[2] AR refers to the administrative record lodged with this Court. See Doc. # 16.

plaintiff was not disabled from February 10, 2010, through the date of the decision. AR 17-27. Thereafter, plaintiff requested review of the ALJ's decision. AR 13. The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision final.[3] AR 6-8. Plaintiff, on February 13, 2014, commenced the instant action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c). See Doc. # 1; see also Doc. # 3.

## DISCUSSION

**1.      Legal Standards**

   **a.      Judicial Standard of Review**

The court reviews administrative decisions in social security disability benefits cases under 42 U.S.C. § 405(g). Section 405(g) states that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002). The court may enter, "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." Id. The Ninth Circuit reviews de novo a decision issued by a district court in such cases. Batson v. Commissioner, 359 F.3d 1190, 1193 (9th Cir. 2003).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); Ukolov v. Barnhart, 420 F.3d 1002 (9th Cir. 2005). However, these findings may be set aside if they are based on legal error or not supported by substantial evidence. See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1052 (9th Cir. 2006); see also Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." See Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); see also Bayliss v. Barnhart, 427 F.3d 1211, 1214 n. 1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, a court reviews "the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998); see also Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996). The Commissioner's findings

---

[3] The ALJ's decision becomes the final administrative decision of defendant.

2

must be upheld if supported by inferences reasonably drawn from the record. Batson, 359 F.3d at 1193. When the evidence supports more than one rational interpretation, a court must defer to the Commissioner's interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); see also Flaten v. Sec'y of Health and Human Serv., 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so the court does not speculate as to the basis of the findings when reviewing the Commissioner's decision. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. Lewin v. Schweiker, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." Id.

### b. Disability Evaluation Process

An individual seeking disability benefits has the initial burden of proving disability. See Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995). An individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." See 42 U.S.C. § 423(d)(1)(A). The individual must provide "specific medical evidence" in support of the claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. Batson, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. See 20 C.F.R. §§ 404.1520 and 416.920; see also Bowen v. Yuckert, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that he or she can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. See 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); see also Barnhart v. Thomas, 540 U.S. 20, 24 (2003). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b) and 416.920(b). Substantial gainful activity is defined as work activity that is both substantial

and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. §§ 404.1572(a)-(b) and 416.972(a)-(b). If the individual is currently engaging in substantial gainful activity, then a finding of not disabled is made. If the individual is not engaging in substantial gainful activity, then the analysis proceeds to step two.

The second step addresses whether the individual has a medically determinable impairment, or combination of impairments, that is severe and significantly limits performance of basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. See 20 C.F.R. §§ 404.1521 and 416.921; Social Security Rulings ("SSR") 85-28, 96-3p, and 96-4p.[4] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appedix 1. See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. §§ 404.1509 and 416.909), then a finding of disabled is made. 20 C.F.R. §§ 404.1520(h) and 416.920(h). If the individual's impairment, or combination of impairments, does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four, but, before moving to step four, the ALJ must first determine the individual's residual functional capacity ("RFC"). 20 C.F.R. §§ 404.1520(e) and 416.920(e).

The RFC is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. See SSR 96-8p. In determining the RFC, an ALJ must consider all relevant evidence, including all symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and

---

[4] An SSR constitutes the Social Security Administration's official interpretation of the statute and its regulations. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1224 (9th Cir. 2009); see also 20 C.F.R. § 402.35(b)(1). An SSR is entitled to some deference as long as it is consistent with the Social Security Act and regulations. Bray, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

4

other evidence. 20 C.F.R. §§ 404.1529 and 416.929; SSR 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, an ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. §§ 404.1527 and 416.927, and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

At step four, the ALJ must determine whether the individual has the RFC to perform past relevant work, which means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last fifteen years or fifteen years prior to the date that disability must be established. See 20 C.F.R. §§ 404.1520(f) and 416.920(f). In addition, the work must have lasted long enough for the individual to learn the job and performed as substantial gainful activity. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), and 416.965. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any past relevant work or does not have any, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g) and 416.920(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates other work exists in significant numbers in the national economy that the individual can do. Yuckert, 482 U.S. at 141-42.

**2.     The ALJ's Decision**

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. AR 19-29. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from the alleged onset date of February 10, 2010. AR 19. At step two, the ALJ found that plaintiff had severe impairments of HIV/AIDS, hypogonadism, depressive disorder, and anxiety disorder, NOS. Id. The ALJ also noted that while plaintiff was diagnosed with bipolar disorder, post-traumatic stress syndrome, and cognitive disorder, the diagnoses for these conditions were not medically

5

determinable based on the record. Id. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 20. Under step four, the ALJ found that plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), but was limited to occasional postural activities (i.e., balancing, stooping, kneeling, crouching, crawling, and climbing ladders, ropes, scaffolds, ramps, and stairs), a range of unskilled and semi-skilled work, and no more than brief and superficial interactions with co-workers and the public. AR 22-26. The ALJ also determined that plaintiff could perform past relevant work as a front desk clerk, subject to the aforementioned limitations. AR 26. Accordingly, the ALJ concluded that plaintiff was not disabled from the alleged onset date of February 10, 2010 until the date of the decision. AR 27.

**3.   Analysis**

    **a.   RFC**

Plaintiff seeks reversal or remand of the ALJ's decision, claiming the ALJ erred by failing to properly assess plaintiff's RFC. See Doc. # 18 at 6. In support, plaintiff contends the ALJ improperly rejected treating physician Dr. Michelle Lisoskie's ("Lisoskie") opinion in determining plaintiff's mental limitations, and failed to provide legitimate and specific reasons for this rejection. Id. at 6, 8. According to plaintiff, Lisoskie, in her September 2010 report, documented plaintiff's sleep disturbance, memory problems, and issues with attention and concentration. Id. (citing AR 224-25). In that same report, per plaintiff, Lisoskie noted that plaintiff had lapsed care between June 2009 and February 2010, and stopped taking two antiretroviral medications during this time. Id. at 7 (citing AR 224). In an April 2013 report, moreover, plaintiff contends that Lisoskie summarized plaintiff's psychiatric impairments, noting that she started treating plaintiff on March 5, 2009 and has since consulted with plaintiff 34 times during follow-up visits. Id. (citing AR 342-46). Plaintiff also points to Lisoskie's progress notes, which purportedly document plaintiff's complaints of ruminative thinking, memory problems, agitation, paranoia, nightmares, insomnia, anxiety, and depression. Id. (citing AR 230, 231, 233, 363-69, 371-75, 377-78). Plaintiff further points out that while the ALJ relied on other physicians' opinions, these opinions are either stale, such as Dr. Mark Richman ("Richman") and Dr. Pastora Roldan's ("Roldan") opinions, or "inconsistent with the longitudinal treatment record," such as Dr. Kenneth McKay's ("McKay") opinion. Id. at 8 (citing

AR 283-86, 313-16).  Given such, plaintiff concludes that the Court should reverse the ALJ's decision and order payment of benefits, or remand this matter for a rehearing.  Id. at 9.

Defendant, in opposition, argues the ALJ reasonably determined plaintiff's RFC by weighing various medical opinions, and giving the greatest weight to McKay's opinion, as it was most consistent with the overall record and uncovered plaintiff's malingering and exaggeration of symptoms.  See Doc. # 19 at 3-4 (citing AR 22-26, 256-61).  Defendant also argues the ALJ gave less weight to Lisoskie's opinion because it was inconsistent with objective medical evidence, plaintiff's self-reported activities, and evidence of malingering on the record.  Id. (citing AR 25-26, 224-25, 259).  For example, defendant points out that, contrary to Lisoskie's opinion, plaintiff's mental status examinations revealed "mild or moderate findings," with Lisoskie's own notes revealing inconsistencies and generally supporting "moderate findings."  Id. at 5 (citing AR 257-59, 366-74).  Defendant next points out that while Lisoskie opined that plaintiff had severe cognitive issues and was unable to keep a schedule, plaintiff's own self-reported activities of teaching dance classes, traveling to Puerto Rico, and performing other "normal" activities directly contradicted Lisoskie's findings.  Id. (citing AR 25, 118, 233, 239, 378).  Defendant also points out that Lisoskie's opinion failed to account for plaintiff's "malingering and symptom exaggeration," which further explains the ALJ's decision to accord Lisoskie's opinion less weight.  Id. (citing AR 224-25, 259).  Defendant then points out that Richman and Roldan's opinions actually concur with McKay's opinion, which explains why the ALJ reasonably relied upon these opinions.  Id. at 4.  As such, defendant concludes that substantial evidence supports the ALJ's findings regarding plaintiff's RFC.  Id. at 3, 6.

In reply, plaintiff restates his earlier assertions.  See Doc. # 21 at 3-4.  Plaintiff also contends that evidence of malingering is confined only to the consultative examiner's opinion.  Id. at 4.  Plaintiff then contends that while he engaged in dancing, among other activities, "disabled persons are able to travel and perform other routine activities."  Id.  Plaintiff further submits that the vocational expert's testimony supports a finding of disability in this case.  Id. at 5 (citing AR 414).

This Court is not persuaded by plaintiff's arguments, and agrees with defendant.  The record reveals that plaintiff was magnifying and exaggerating his symptoms.  The record further reveals that plaintiff's psychiatric symptoms were insufficient to cause work-related mental limitations, especially in

light of McKay, Roldan, and Richman's opinions, along with plaintiff's own self-reported activities and objective medical evidence on the record. Indeed, as the record reflects, McKay, Roldan, and Richman all concluded that plaintiff had the ability to sustain an 8-hour day, 40-hour weekly work schedule. AR 260, 285, 315. Plaintiff's own admissions also reveal he could take care of himself, capably travel abroad, use public transportation, complete household tasks independently, maintain a roommate relationship, and even teach dance lessons. Meanwhile, Lisoskie's notes appear to contradict her conclusion that plaintiff suffers from severe cognitive issues and, instead, support the conclusion that plaintiff suffers only moderate symptoms, with results from plaintiff's mental status exams further buttressing the conclusion that plaintiff, at most, suffers only moderate symptoms. This Court therefore finds the ALJ properly gave less weight to Lisoskie's opinion despite Lisoskie's "long[er] treatment record" with plaintiff. Plaintiff also disputes the ALJ's reliance on Richman and Roldan's opinions because these opinions are purportedly "stale." The record reveals that Richman issued his opinion in November 2010, while Roldan rendered her opinion in February 2011. Since plaintiff alleges an onset date of February 2010, this Court finds both opinions probative, significant, and well within the relevant time frame for the ALJ's review. Further, it is unclear to this Court why plaintiff concludes the vocational expert's testimony supports a finding of disability in this case, especially since plaintiff fails to support his assertion, and a review of the testimony appears to support a contrary conclusion.

Ultimately, this Court finds the ALJ carefully reviewed and weighed all relevant medical opinions, regulations, and guidelines in determining the issue of plaintiff's mental limitations and in rendering a final decision in this case. Contrary to plaintiff's assertions, moreover, the ALJ provided specific, clear, and convincing reasons for deciding the issue of plaintiff's mental limitations. As such, the Court finds that the ALJ's decision was based on substantial evidence, free from legal error.

### b. Credibility

Plaintiff also disputes the ALJ's finding that he is not disabled and can perform his past relevant work as a front desk clerk. See Doc. # 18 at 9, 14 (citing AR 14-27). In support, plaintiff points to the ALJ's purportedly erroneous conclusion that plaintiff's HIV and hypogonadism diagnoses were not fully credible because of his complaints regarding fatigue, and the frequency and severity of his diarrhea, which were inconsistent with the record. Id. at 12. Plaintiff then contends the ALJ improperly discounted his

mental impairment because of his non-compliance with treatment, the extent of his daily activities, and evidence of malingering on the record, which purportedly are "not legally sufficient reasons." Id. While plaintiff concedes he has been noncompliant with treatment for "periods" of time, plaintiff contends Lisoskie's opinion demonstrates that he remains significantly limited even when compliant with treatment. Id. While plaintiff also concedes that one's daily activities may be grounds for an adverse credibility finding, plaintiff contends the ALJ ignored Lisoskie's opinion that plaintiff had to stop teaching dance lessons because he could no longer remember dance routines, ultimately demonstrating plaintiff's inability to perform work on "a full-time, competitive basis." Id. at 13. Plaintiff adds that the ALJ improperly relied only on McKay's opinion in determining that plaintiff was exaggerating his claims. Id. As such, plaintiff concludes the ALJ erred. Id. at 10, 14.

In response, defendant argues that plaintiff's symptom exaggeration and malingering during the psychological exam are sufficient bases to find plaintiff not credible. See Doc. # 19 at 6 (citing AR 24, 259-61). Indeed, while plaintiff presents only subjective assertions, defendant argues that the "overall record" reveals plaintiff was "not nearly as functionally limited as he has alleged." Id. (citing AR 23-25). For example, defendant points to plaintiff's non-compliance with treatment for "significant" periods of time, his increased symptoms when he failed to comply with treatment, his self-reported activities revealing his greater functional ability, and the lack of objective medical evidence supporting plaintiff's assertions, which demonstrate that plaintiff's condition is milder than he alleges. Id. at 6, 8 (citing AR 23-26, 318, 329-30). With respect to the objective medical evidence on the record, moreover, defendant points to plaintiff's physical exam, which purportedly demonstrates that plaintiff is functioning "normal[ly]." Id. at 7-8 (citing AR 23, 250-52). Defendant also points to the orthopedic and psychiatric examiner opinions, which concluded that plaintiff could work with some limitations. Id. at 8 (citing AR 23-24, 253-54, 260-61). Given such, defendant submits that substantial evidence supports the ALJ's decision. Id. at 9.

In reply, plaintiff restates his earlier assertions. See Doc. # 21 at 5-6. Plaintiff also contends the ALJ is required to provide "clear and convincing" reasons for rejecting plaintiff's testimony, which the ALJ failed to do in this case. Id. at 6. Thus, plaintiff asks the Court to reverse the ALJ's decision. Id.

An ALJ may reject a claimant's testimony about the severity of his or her symptoms based upon

9

specific, clear, and convincing reasons. See Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009). To support a finding that a claimant is less than fully credible, an ALJ is required to identify specific facts in the record demonstrating the claimant's symptoms are less severe than claimed. Id. at 592. An ALJ may also consider other factors in weighing a claimant's credibility, including reputation for truthfulness, inconsistencies in testimony, inconsistencies between testimony and conduct, daily activities, and unexplained or inadequately explained failures to seek treatment or to follow a prescribed course of treatment. See Orn v. Astrue, 495 F.3d 625, 636 (9th Cir. 2007).

Contrary to plaintiff's assertions, the Court finds that the ALJ properly considered various aspects of plaintiff's case, including plaintiff's self-reported activities, the effect and adequacy of treatment when plaintiff actually complied with treatment, the degree or severity of plaintiff's alleged symptoms, evidence of malingering and exaggeration on the record, objective medical evidence, and various physicians' opinions. Moreover, based on the discussion above, this Court finds the ALJ properly gave less weight to Lisoskie's opinion and more weight to McKay's opinion. In sum, this Court finds the ALJ provided specific, clear, and convincing reasons for finding plaintiff not fully credible, and plaintiff has failed to rebut this showing. As such, the Court finds the ALJ's credibility determination must be upheld as a reasonable interpretation supported by substantial evidence.

## CONCLUSION AND RECOMMENDATION

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's Motion for Reversal or Remand (doc. # 18) be **denied**.

**IT IS FURTHER RECOMMENDED** that defendant's Cross-Motion to Affirm (doc. # 19) be **granted**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The U.S. Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. Thomas v. Arn, 474 U.S. 140, 142 (1985). This circuit has also held that failure to file objections within the specified time, and failure to properly address and brief the objectionable issues, waives the right to appeal the district court's order and/or appeal factual issues from the order.

Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991); Britt v. Simi Valley United Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983).

DATED: February 20, 2015

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**