UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MIGUEL A. ALVAREZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN,<br>*Acting Commissioner of Social Security*,<br><br>　　　　Defendant. | Case No. 2: 14-cv-00836-RFB-CWH<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION** |

**I.    INTRODUCTION**

Before the Court is Plaintiff Miguel Alvarez's Motion for Reversal and/or Remand, ECF No. 18. Additionally before the Court is a Cross Motion to Affirm, ECF No. 19, filed by Defendant Carolyn W. Colvin, Acting Commissioner of Social Security Administration ("Commissioner"). On February 20, 2015, the Honorable Carl W. Hoffman., United States Magistrate Judge, issued a Report and Recommendation ("R&R"), ECF No. 22, recommending the Commissioner's motion be granted and the Petitioner's motion be denied. The Petitioner timely objected, ECF No. 23, and a response was filed by the Commissioner, ECF No. 24. For the reasons discussed below, the Court accepts the Report, denies Petitioner's Motion for Reversal and/or Remand, and grants the Commissioner's Motion to Affirm.

**II.    BACKGROUND**

The Court incorporates without restating Judge Hoffman's summary of the background facts here because neither party objected to Judge Hoffman's summary. See R&R 1-2.

### III. LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party may file specific written objections to the findings and recommendations of a magistrate judge. Id. § 636(b)(1); D. Nev. R. IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an Administrative Law Judge's (ALJ's) "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the court must "review the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1040 (9th Cir. 1995).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Id. at 1039. When determining assigning weight and resolving conflicts in medical testimony, the 9th Circuit distinguishes the opinions of three types of physicians: (1) treating physicians; (2) examining physicians; (3) neither treating nor examining

physicians. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). The treating physician's opinion is generally entitled to more weight. Id. If a treating physician's opinion or ultimate conclusion is not contradicted by another physician, "it may be rejected only for 'clear and convincing' reasons." Id. However, when the treating physician's opinion is contradicted by another physician, the Commissioner may reject it by "providing 'specific and legitimate reasons' supported by substantial evidence in the record for so doing." Id. A treating physician's opinion is still owed deference if contradicted and is often "entitled to the greatest weight… even when it does not meet the test for controlling weight." Orn v. Astrue, 495 F.3d 625, 633 (9th Cir. 2007). Because a treating physician has the greatest opportunity to observe and know the claimant as an individual, the ALJ should rely on the treating physician's opinion. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). However, the ALJ may reject conclusory opinions in the form of a checklist containing no explanations for the conclusions. Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012).

When a treating physician's opinion is not assigned controlling weight, the ALJ considers specific factors in determining the appropriate weight to assign the opinion. Orn, 495 F.3d at 631. The factors include the length of the treatment relationship and frequency of examination; the nature and extent of the treatment relationship; the amount and quality of evidence supporting the medical opinion; the medical opinion's consistency with the record as a whole; the specialty of the physician providing the opinion; and, other factors which support or contradict the opinion. Id., 10 C.F.R § 404.1527(c). The ALJ must provide a "detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and [make] findings" rather than state mere conclusions for dismissing the opinion of a treating physician. Reddick, 157 F.3d 715, 725 (9th Cir. 1998). The ALJ errs when he fails to explicitly reject a medical opinion, fails to provide specific and legitimate reasons for crediting one medical opinion over another, ignores or rejects an opinion by offering boilerplate language, or assigns too little weight to an opinion without explanation for why another opinion is more persuasive. Garrison, 759 F.3d at 1012-13.

When determining the credibility of a claimant's testimony, the ALJ engages in a two-step analysis. Garrison, 759 F. 3d at 1014-15. First, the claimant must have presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain

or other symptoms alleged." Lingenfelter, 504 F.3d at 1035-36 (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991). The claimant does not need to produce evidence of the symptoms alleged or their severity, but she must show the impairments could reasonably cause some degree of the symptoms. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996). Second, the ALJ determines the credibility of the claimant's testimony regarding the severity of her symptoms. Garrison at 1014-15. Unless affirmative evidence supports a finding of malingering, the ALJ may only reject the claimant's testimony by providing "specific findings as to credibility and stating clear and convincing reasons for each." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006). "[S]ubjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence," however objective medical evidence, evidence of conservative treatment, and contradictions found by considering the claimants daily activities are relevant factors in determining the severity of the claimant's pain and its disabling effects. Rollins v. Massanari, 261 F. 3d 853, 856-57 (9th Cir. 2001). "Many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). Therefore, "claimants should not be penalized for attempting to lead normal lives in the face of their limitations." Reddick, 157 F.3d at 722.

In the event the ALJ erred, the Court may remand for additional administrative proceedings when development of the record would be useful. Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). However, when "further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." Id. Reversal and remand for the calculation and award of benefits is appropriate when "it is clear from the administrative record that the ALJ would be required to award benefits" after crediting as true evidence rejected by the ALJ. Garrison, 759 F.3d at 1019. The Court should credit evidence rejected by the ALJ as true and remand for the calculation and award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and, (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. Benecke, 379 F.3d at 593.

1  When the ALJ errs but the validity of the ALJ's conclusion is not affected, the error is deemed
2  harmless and reversal is inappropriate. Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155,
3  1162 (9th Cir. 2008).

4  The Social Security Act has established a five-step sequential evaluation procedure for determining Social Security disability claims. See 20 C.F.R. § 404.1520(a)(4); Garrison, 759 F.3d at 1010. "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." Id. at 1011. Here, the ALJ resolved Petersen's claim at step four. AR 32. At step four, the ALJ considers the assessment of the claimant's residual functional capacity ("RFC") as well as the claimant's capability of performing past relevant work. Garrison, 759 F.3d at 1010. RFC is defined as the most an individual is capable of doing in a work setting despite the individual's impairments and related symptoms, such as pain. 20 C.F.R. § 416.945(a)(1). If the claimant is incapable of performing past relevant work, the ALJ determines whether the claimant can make an adjustment to substantial gainful work other than his past relevant work in step five. 20 C.F.R. § 404.1520(g).

### IV.     DISCUSSION

ALJ David K. Gatto issued a decision on June 10, 2013 finding Alvarez not disabled under 1614(a)(3)(A) of the Social Security Act and therefore ineligible for disability under sections 216(i) and 223(d) of the Act. AR 27. The ALJ determined that Alvarez suffered from severe impairments of HIV/AIDS, hypogonadism, depressive disorder, and anxiety disorder, NOS, Alvarez did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 19-20. The ALJ found Alvarez could perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), but was limited to occasional postural activities (i.e., balancing, stooping, kneeling, crouching, crawling, and climbing ladders, ropes, scaffolds, ramps, and stairs), a range of unskilled and semi-skilled work, and no more than brief and superficial interactions with co-workers and the public. AR 22-26. The ALJ also determined that plaintiff could perform past relevant work as a front desk clerk, subject to the aforementioned limitations. AR 26.

      The Magistrate Court, the Honorable Carl W. Hoffman, reviewed the ALJ's decision and found the ALJ's decision was supported by substantial evidence free from legal error. R&R at 8. Judge Hoffman found that based on the record, Alvarez was magnifying and exaggerating his symptoms. Id. at 7. Further, Judge Hoffman found that Alvarez's psychiatric symptoms were insufficient to cause work-related mental limitations, especially in light of several expert opinions including those of Dr. McKay, Dr. Roldan, and Dr. Richman, as well as Alvarez's own self-reported activities and objective medical evidence. Id. Judge Hoffman further found that Alvarez's expert Dr. Lisoskie's conclusion was contradicted by her own notes and that the ALJ therefore properly gave Lisoskie's opinion less weight. Id.

      In his Objection to Judge Hoffman's R&R, Alvarez asserts the same arguments raised in his Motion to Remand. See Obj.; Mot. Remand. Namely, Alvarez argues Judge Hoffman erred in finding that Dr. Lisoskie's expert opinion was not given proper weight in comparison to the state medical examiners; that there was only one instance of malingering; and that evidence suggesting that Alvarez is able to engage in social activities is not sufficient to reject Dr. Lisoskie's findings. Obj. 3-6. In response, the Commissioner agrees with Judge Hoffman's finding that the ALJ properly gave more weight to Dr. McKay, whose opinion was most consistent with the record and less weight to Dr. Lisoskie, which was inconsistent with the objective medical record, Plaintiff's admitted activities, and the evidence of malingering in the record. Opp'n at 2. The Commissioner further argues that Dr. Lisokie's opinion of severe mental functional limitation was inconsistent with Plaintiff's reported activities, as well as her own treatment notes. Id.

      Next, Judge Hoffman found that the ALJ provided specific, clear, and convincing reasons for finding plaintiff not fully credible, and plaintiff has failed to rebut this showing. R&R at 10. Judge Hoffman found that the ALJ properly considered various aspects of Alvarez's case, including his self-reported activities, the effect and adequacy of treatment when he complied with treatment, the degree or severity of his alleged symptoms, evidence of malingering and exaggeration on the record, objective medical evidence, and various physicians' opinions. Id. Judge Hoffman found the ALJ properly gave less weight to Dr. Lisoskie's opinion and more weight to Dr. McKay's opinion. Id.

In his Objection, Alvarez maintains that the ALJ improperly relied on his daily activities in assessing his credibility. Specifically, the ALJ failed to articulate how Mr. Alvarez's limited daily activities translate into the ability to perform these functions in a work setting on a consistent basis. Obj. at 7. Alvarez also maintains that the ALJ improperly relied on a singular notation that he was malingering or exaggerating. Id. In response, the Commissioner argues that the ALJ properly cited Alvarez's malingering and exaggerated responses at the consultative examination. Opp'n at 2-3. Additionally, the Commissioner points out that the ALJ properly cited to other incidences that suggested much greater functional ability than he has alleged. Id. at 3. Last, the Commissioner argues that the ALJ also reasonably noted that Plaintiff's symptoms corresponded to periods when he was non-compliant with his treatment regimen. Id.

After review of the record, the parties' briefs, and Judge Hoffman's R&R, the Court adopts Judge Hoffman's recommendation that the ALJ did not err in deciding Petersen is not disabled under the Social Security Act. First, the ALJ properly accorded more weight to Dr. McKay than to Dr. Lisoskie and articulated specific and legitimate reasons for doing so. The Court therefore finds that ALJ's decision was supported by substantial evidence free from legal error. Second, the Court finds that the ALJ provided clear and convincing reasons for discrediting Alvarez's testimony based on his self-reported activities, the effect and adequacy of treatment when he complied with treatment, the degree or severity of his alleged symptoms, evidence of malingering and exaggeration on the record, objective medical evidence, and various physicians' opinions. Accordingly, the Court adopts Judge Hoffman's recommendation to deny Alvarez's Motion to Remand and grant the Commissioner's Motion to Affirm.

### V. CONCLUSION

**IT IS ORDERED** that the Report and Recommendation (ECF No. 22) is ADOPTED in full.

**IT IS FURTHER ORDERED** that Plaintiff Alvarez's Motion for Reversal and/or Remand (ECF No. 18) is **DENIED**.

1 **IT IS FURTHER ORDERED** that Defendant Commissioner of Social Security's Motion to Affirm (ECF No. 19) is **GRANTED**.

**DATED**: July 11, 2016.

_____
**RICHARD F. BOULWARE, II**
**United States District Judge**